IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY ALLEN ROBINSON, JR., ) <br> ID # 1532823, ) <br>     Petitioner, ) <br> vs. ) <br> ) <br> NATHANIEL QUARTERMAN,[1] Director, ) <br> Texas Department of Criminal Justice, ) <br> Correctional Institutions Division, ) <br>     Respondent. ) | No. 3:09-CV-0311-K (BH) <br><br> Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge a Dallas County conviction for "Theft R&C" in F08-00968-Y. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. State Procedural History**

In October 2008, petitioner was convicted of theft in Cause No. F08-00968-Y, and received

---

[1] Petitioner, a prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), names Dallas County Texas District Court #7 as respondent. Rule 2(a) of the Rules Governing Section 2254 Cases provides, however, that "the petition must name as respondent the state officer who has custody" of petitioner. Petitioner challenges a conviction that has resulted in his incarceration in the TDCJ-CID, making Nathaniel Quarterman, Director of the TDCJ-CID, the proper respondent. Accordingly, the Court substitutes him as respondent. He has custody of petitioner.

a one-year sentence. (*See* Pet. Writ of Habeas Corpus (Pet.) at 2.) He has not appealed the conviction but has filed a state habeas application for writ of habeas corpus that he contends was denied by the trial court on January 27, 2009. (*See id.* at 3-4.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, the Texas Court of Criminal Appeals has not had an adequate opportunity to address petitioner's pending state application. Petitioner's federal petition reflects that he filed a state habeas application on December 8, 2008, and that the district court finally resolved the application on January 27, 2009. (Pet. ¶ 11.) However, although state prisoners file their state applications for writ of habeas corpus with the district court, the Texas Court of Criminal Appeals issues the final ruling on such applications. Petitioner has presented nothing to show that the Texas Court of Criminal Appeals has yet to consider his state habeas application. The official web site for the Texas Court of Criminal Appeals shows that it received petitioner's state application for writ of

2

habeas corpus on February 18, 2009, but has not yet taken any action on it. *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=265535 (accessed February 19, 2009).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

SIGNED this 19th day of February, 2009.

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE